| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**LAW OFFICES OF DAVID WOLFF LLC**<br>**Attorneys for Trustee**<br>**396 Route 34**<br>**Matawan, New Jersey 07747**<br>**(732) 566-1189** | Order Filed on June 2, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>ALICE R. CUTLIFF,<br><br>                      Debtor. | Case No.: 20-23328-JKS<br><br>Chapter 7 Proceeding<br><br>Judge: Hon. John K. Sherwood |

### ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

The relief set forth on the following pages numbered two (2) through five (5) is hereby ORDERED.

**DATED: June 2, 2021**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2

**Debtor:** Alice R. Cutliff

**Case No. :** 20-23328-JKS

**Caption of Order:** ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

---

Upon the Motion (the "Motion") of David Wolff, Chapter 7 Trustee ("Trustee") for entry of an Order, pursuant to Sections 105(a) and 363(b) (1) and (f), Title 11, United States Code, 11 U.S.C. §§101-1330 et. seq., as amended (the "Bankruptcy Code"), and Rule 6004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the sale of the Debtor's 100% ownership interest in real property located at 119-121 Pineview Terrace, Plainfield, New Jersey ("Property") for the sum of $435,000 "as is" to Maria Mota, Lexes M. Longo and Sean Longo (all together, "Buyer"), as more fully described in a contract, addendum to contract and rider, copies of which are annexed as Exhibit "B" to the Application filed in support of the Motion, or to such other party who may submit a higher and better offer under the same terms of the contract ("Winning Contract"); and it appearing that notice of the Motion having been given by the movant to (i) the Office of the United States Trustee, (ii) counsel to Debtor, (iii) counsel to the Buyer, iv) secured creditor Bank of America, v) month to month occupants, and by the Clerk of the Court to all parties-in-interest and parties who have filed a Notice of Appearance in this case; and such notice being adequate under Bankruptcy Rules 6004(a) and 2002 (a) (2), (c) (1), (I) and (k); and a hearing having been held before this Court on June 1, 2021 to consider the Motion (the "Hearing"), at which time all parties were afforded an opportunity to be heard; and any higher and better offers having been considered; and after due deliberation and sufficient cause appearing therefor; it is hereby FOUND and DETERMINED

Page 3

**Debtor:** Alice R. Cutliff

**Case No. :** 20-23328-JKS

**Caption of Order:** ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

---

that:

    1. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§157 and 1134;

    2. Venue of this case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409(a);

    3. Determination of the Motion is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A),(N) and (C). The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014;

    4. Proper, timely, adequate, and sufficient notice of the Motion, the Hearing, and the sale has been provided in accordance with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004;

    5. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested parties and entities;

    6. The sale of the Property reflects the exercise of the Trustee's sound business judgment, and is further justified by the circumstances described in the Motion;

    7. Approval of the sale of the Property at this time is in the best interest of the Estate and its creditors. The Court finds that the Trustee has articulated good and sufficient business justification for the sale of the Property pursuant to Sections 363(b) and (f) of the Bankruptcy Code;

Page 4

Debtor:   Alice R. Cutliff

Case No. :   20-23328-JKS

Caption of Order:   ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

---

8. The terms and conditions of the Winning Contract are fair and reasonable. The Winning Contract represents the highest and best offer for the Property. The purchase price is fair and reasonable, and constitutes reasonably equivalent value under the Bankruptcy Code and applicable state law;

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED, that:**

1. The Motion (as fully described in the Application) be and is hereby granted in its entirety, and any objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied.

2. Due and proper notice of the Motion has been given to all parties who are entitled to notice under the circumstances.

3. The Winning Contract and each of its terms and conditions is approved in its entirety. The sale of the Property to Buyer for the sum of $435,000 is hereby authorized under §§363 (b) and (f) (2) of the Bankruptcy Code. The Trustee is hereby authorized and directed at the closing to execute, deliver, and implement all instruments and documents which may be reasonably necessary, convenient, or desirable to implement the terms of the sale.

4. The sale of the Property pursuant to the Winning Contract and this Order is or will (a) be legal, valid, and an effective transfer of the Property to , and (b) vest with all right, title, and

Page 5

**Debtor:** Alice R. Cutliff

**Case No. :** 20-23328-JKS

**Caption of Order:** ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

---

interest in and to the Property, free and clear of all liens, claims, interests, and encumbrances under Section 363(f) of the Bankruptcy Code, with valid liens to attach to proceeds of sale.

5. The Trustee is authorized to issue, execute, deliver, file, and record, as appropriate, documents in connection with the sale of the Property, all without further application to, or order of, the Court.

6. The gross realtor commission of 5% of the purchase price may be paid at closing, consistent with the listing agreement and Contract of Sale, without the need for further application to, or order of, the Court.

7. The Debtor and any family, as well as all occupants residing at the Property, shall vacate the Property, removing personal items and leaving the Property in broom swept condition, on or before June 30, 2021.

8. All of the provisions of this Order are non-severable and mutually dependent.

9. This Order shall be effective and enforceable immediately upon entry hereof, and the stay imposed by Bankruptcy Rule 6004 (h) is waived.

10. The Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Winning Contract and this Order.